STATE *ex rel.* THOMASON, Comptroller, *v.* J. O. KIRKPAT-
RICK *et al.*

(*Nashville.*    December Term, 1921.)

**TAXATION.**   Revenue agent, collecting delinquent taxes, entitled to
    fifteen per cent. penalty in addition to other statutory penalties.

  Under Acts 1921, chapter 115, section 1, which provides for an ad-
    ditional penalty of five per cent. if delinquent taxes are not paid
    before June 1st, and section 2, that if delinquent taxes are not
    paid in January, an additional penalty of ten per cent. accrues,
    and that money derived from sale of property be applied to pay-
    ment of suit costs, including the fifteen per cent. penalty to the
    revenue agent, which is additional to his salary under Acts 1907,
    chapter 602, section 77, the five and ten per cent. penalties are in
    addition to the fifteen per cent. collected and paid the revenue
    agent.

  Acts cited and construed: Acts 1921, ch. 115, sec. 1; Acts 1907, ch.
    602, sec. 77.

FROM DAVIDSON.

Error to the Chancery Court of Davidson County.—
HON. JOHN R. AUST, Judge.

FRANK M. THOMPSON, Attorney-General, for plaintiff in
error.

ROBERTS & COOPER, for defendants in error.

MR. JUSTICE HALL delivered the opinion of the Court.

This cause is before the court on writ of error sued out
by complainant, seeking to have reviewed a decree of the

chancery court of Davidson county rendered in the above-styled cause.

The decree involved was rendered on February 10, 1922, by which it was decreed that, under the provisions of chapter 115 of the Public Acts of 1921, a penalty of fifteen per cent. accrued on all delinquent real estate taxes after the 1st of January of each year, that said fifteen per cent. penalty was the only penalty provided for in said act, and that said penalty, under the provisions of said act, must be paid to ·the State revenue agent as compensation for his services rendered in the collection of such delinquent taxes, and directing the clerk and master to·pay such·penalty to the State revenue agent in all cases where said delinquent taxes were not paid by the taxpayer before a sale of the property was had, as provided for in said act.

Petitioner insists that said decree is erroneous, in that the said act provides for the accrual of a penalty of five per cent. on the 1st day of June after said tax becomes delinquent, and another ten per cent. penalty shall accrue after the 1st day of January following, and that subsection 1 of section 2 of said act provides for the accrual of an additional penalty of fifteen per cent. upon the filing of a bill by the revenue agent to enforce the collection of such taxes as provided for in said act, which said additional penalty of fifteen per cent. the act provides shall be paid to the revenue agent for his services.

A construction of chapter 115, Acts of 1921, is therefore called for and is necessary.

Section 1 of said act provides: "That after the first day of May, each year, the county trustee shall advertise that a list of all real estate upon which taxes remain due and unpaid will be turned over to the comptroller of the treas-

ury, and that additional penalties will accrue if said taxes are not paid on or before the first day of June next. Said additional penalties shall be five per cent. of the gross amount of taxes, interest and penalties due on date of payment which per cent. shall be a charge and lien against the delinquent real estate after the first day of June, and which shall be collected by the trustee from said delinquent and prorated between the State and county as a part of the public revenue, except as otherwise provided in section 2 of this act."

Section 2 provides: "That on the first Monday in June the trustee of the respective counties shall file in the office of the comptroller of the State a certified list of all the delinquent real estate taxpayers showing the amount due, including interest and penalty, from whom due, and a description of the property and upon the filing of said list in the office of the comptroller it shall be his duty, through the revenue agents to within six months from the filing of said lists in said office to give notice to the delinquent taxpayers that if said taxes are not paid by the first Monday of the following January that bills will be filed to enforce the lien for taxes assessed against said property and that an additional penalty of ten per cent. will accrue upon the filing of said bill."

After prescribing the form of notice which shall be given delinquent taxpayers, and directing that bills shall be filed, said section further provides:

"Said bill shall be filed in the name of the State for itself and for the use of the county, municipality, or taxing district wherein the property is situated, and shall be to recover all delinquent taxes and penalties due thereon, whether the same be State, county or municipal, and said

bills shall be in substance and in form the same as other bills filed in the chancery court, and shall show by proper averments and exhibits the name of the party or parties to whom the property was assessed for the year or years for which the taxes claimed are delinquent and shall show the respective interest of the parties, the State, the county and the municipalities in said taxes, together with all such costs, fees, penalties and interest as have already accrued thereon."

Said section further provides: "A reference may be taken in each case, and notice shall be given to all officers whose duty it is to collect delinquent revenue; and all such revenue as may be delinquent, together with all the costs, fees, penalties and interest thereon, shall be ascertained and included in the Master's report."

Then it provides that the money derived from the sale of property under the provisions of said act shall be applied as follows:

"1.  To the payment of the costs of the suit, including the fifteen per cent. penalty to the revenue agent on the gross amount of taxes, interest and penalties due State, county and municipality, which said fifteen per cent. shall be taxed as a part of the costs of the cause and paid by the delinquent, and which shall go to the revenue agent as compensation, and which shall be additional compensation to him other than his salary provided for in section 77 of chapter 602 of the Acts of 1907.

"2.  To the payment of the State tax and interest thereon; to the county tax and interest thereon; to the municipal tax and interest thereon, in the order named.

"3.  To the payment of penalties due on State tax; to the payment of the penalties due on the county tax; to

the payment of penalties due on the municipal tax, in the order named.

"4. The remainder, if any, shall be paid to the owner or owners of the land thus sold. The fifteen per cent. penalty, herein provided for, shall accrue and be a charge and lien against the real estate upon which the taxes are delinquent from the filing of the bill, and shall be the only fee or compensation paid to the revenue agent, or any attorney conducting the cause, and the proceeds of sale due the State, shall be paid by the clerk and master of the chancery court into the treasury of the State, as other taxes are paid; and that part due the county and municipality to the proper officials charged with the duty of collecting county or municipal revenue. The clerk taking duplicate receipts therefor, and for the handling of said funds the clerk shall have the same compensation as now provided by law for handling and disbursing funds in a court of chancery, and the penalty of fifteen per cent. shall be paid to the revenue agent; and from time to time, said clerk shall certify to the trustee the payment of taxes, state, county or municipal, and such payment shall be duly noted by said trustee upon the proper record showing the delinquency of said taxes, and the trustee shall notify monthly the comptroller who shall make notation of the payment of said taxes upon the list in his office.

"5. The five per cent. penalty herein provided for against delinquents after the same is turned over to the comptroller and before bills are filed, shall be paid to the trustee by the delinquent paying the tax, and the trustee shall prorate the same between the State and county as a part of the public revenue."

It will be noted from the foregoing provisions of said act, in section 1, it is provided that an additional penalty of five per cent. on the gross amount of taxes, interest, and penalties due on the 1st day of June shall be paid if the taxes delinquent are not paid on or before that date, which penalty shall be a charge and lien against the delinquent real estate after the 1st day of June, and which shall be collected by the trustee from said delinquent and prorated between the State and county as a part of the public revenue.

In section 2 it is provided that, if said taxes are not paid by the first Monday in January, a bill shall be filed to enforce the lien for said taxes against the property, and that upon the filing of the bill an additional penalty of ten per cent. shall accrue.

Section 2 also provides that the bill shall be filed by the revenue agent, or his attorney, and how the suit shall be conducted after it is filed. It also provides that the money derived from a sale of the property shall be applied:

To the payment of the costs of the suit, including fifteen per cent. penalty to the revenue agent on the gross amount of taxes, interest and penalties due state, county and municipality, which said fifteen per cent shall be taxed as a part of the costs of the cause and paid by the delinquent, and shall go to the revenue agent as his compensation, which shall be in addition to the salary received by him under section 77 of chapter 602 of the Acts of 1907.

We think it is clear from the provisions of the act that this fifteen per cent. penalty, which the revenue agent receives for his services, is separate and distinct from the five per cent. penalty provided for in the first section of said act, and the ten per cent. penalty provided for in the

first part of section 2, which penalties the act clearly contemplates shall be paid by the delinquent to the trustee, and the trustee shall prorate the same between the State and county as a part of the public revenue. In other words, we think it is clear from the provisions of the act that the five and ten per cent. penalties are in addition to the fifteen per cent. penalty to be collected and paid to the revenue agent for his services.

It results, therefore, that the decree of the chancellor adjudging the fifteen per cent. penalty due the revenue agent is the only penalty provided for in said act must be reversed, and a decree will be entered here adjudging that, in addition to the fifteen per cent. penalty to be collected and paid to the revenue agent for his services, the five and ten per cent. penalties provided for must be collected.

The State is taxed with the costs accruing upon the writ of error.